# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RAYGOSA,<br><br>　　　　　　Petitioner,<br>vs.<br><br>JEFFREY BEARD, Secretary,<br><br>　　　　　　Respondent. | CASE NO. 12-cv-0626-AJB-MDD<br><br>REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS [ECF No. 13] |

## I. INTRODUCTION

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d)(1) of the United States District Court for the Southern District of California. For the reasons set forth herein, the Court **RECOMMENDS** the Motion To Dismiss be **DENIED**.

## II. PROCEDURAL HISTORY

Javier Raygosa ("Petitioner") is a state prisoner currently incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") in Delano, California. (ECF No. 13). Petitioner is serving an indeterminate sentence of seventeen years to life for second-degree murder with a firearm enhancement. (*Id*.). Petitioner does not challenge his underlying conviction. Instead, Petitioner challenges

1  CDCR's finding that he is guilty of a rule violation. (ECF No. 10).

2  On July 19, 2009, Anabelina Bermudez-Carillo visited Petitioner at Calpatria State Prison. (ECF No. 10 at 50). During the visit, Ms. Carillo kissed Petitioner on the mouth. (*Id*.). It appeared to a guard that Ms. Carillo passed an unknown object into Petitioner's mouth during the kiss. (*Id*.). A guard searched Petitioner and claimed to find a leafy green material in his mouth. (*Id*. at 51). After consenting to a search, Ms. Carillo admitted to having multiple "bindles" of marijuana "secreted" in her vagina. (*Id*. at 50). Petitioner was charged with "distribution of a controlled substance/introduction of a C/S" and was found guilty. (*Id*. at 49). Petitioner disputes this finding.

On November 11, 2009, Petitioner filed an inmate appeal which was denied. (ECF No. 10 at 35). On December 15, 2009, Petitioner's second level appeal was denied. (*Id*. at 38-39). On April 1, 2010, Petitioner's Director's Level Appeal was denied. (ECF No. 1 at 9).[1]

After exhausting his administrative remedies, Petitioner filed a petition for writ of habeas corpus in Imperial County Superior Court on July 14, 2010. (ECF No. 10 at 17). On August 19, 2010, the petition was denied. (*Id*. at 18). On October 1, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (*See* ECF No. 13). On November 24, 2010, the petition was denied. (*Id*.). On February 17, 2011, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (*Id*.). On August 10, 2011, the petition was denied. (ECF No. 10 at 20).

On March 12, 2012, Petitioner, proceeding *pro se*, filed the instant

---

[1] Although ECF No. 1 is no longer the operative pleading, the only copy of the final Director's Level Decision before the Court is attached to the original Petition.

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On March 15, 2012, the Court dismissed the petition without prejudice for failure to name a proper respondent. (ECF No. 2). On July 23, 2012, Petitioner filed a First Amended Petition. (ECF No. 10). Petitioner contends that his due process rights were violated because there was insufficient evidence to support CDCR's rule violation finding. (*Id.*). On October 5, 2012, Respondent moved to dismiss the Petition as untimely. (ECF No. 13). On February 13, 2013, Petitioner filed a Response in Opposition. (ECF No. 27).

### III.  LEGAL STANDARD

Title 28, United States Code, § 2244, subsection (a) provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in violation of the Constitution or laws or treaties of the United States.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244 subsection (d)(1); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of

> the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he limitation period in section 2244 on its face is not limited to petitions challenging a state court judgment" but instead "reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments." *Shelby v. Barnett*, 391 F.3d 1061, 1064 (9th Cir. 2004). In *Shelby*, the Ninth Circuit held that the section's "one-year limitation period applies to habeas petitions challenging administrative decisions." *Id.* at 1065. Thus, unless tolled, Petitioner had one year from the final Director's Level Decision to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

A. Statutory Tolling

AEDPA's one-year statute of limitation is tolled when a properly filed petition for habeas relief is pending in state court. 28 U.S.C. § 2244(d)(2). The limitation period is also tolled as "pending" during the period between a state court's disposition of a habeas petition and the filing of an appeal or petition at the next state appellate level, so long as the petitions are filed within a "reasonable time" of each other. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

B. Equitable Tolling

AEDPA's statute of limitation period is also "subject to equitable tolling in appropriate cases." *Holland v. Florida,* 130 S.Ct. 2549, 2560

1  (2010). A petitioner is entitled to equitable tolling if "extraordinary
2  circumstances beyond a prisoner's control make it impossible to file a
3  petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir.
4  2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[A]
5  litigant seeking equitable tolling bears the burden of establishing two
6  elements: (1) that he has been pursuing his rights diligently, and (2) that
7  some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*,
8  544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veteran Affairs*, 498 U.S.
9  89, 96 (1990)).
10      The petitioner has the burden of showing that "extraordinary
11  circumstances" were the cause of any untimeliness, rather than his lack
12  of diligence. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Further,
13  "the threshold necessary to trigger equitable tolling [under AEDPA] is
14  very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292
15  F.3d 1063, 1066 (9th Cir. 2002). As a result, equitable tolling is
16  unavailable in most cases. *Miles*, 187 F.3d at 1107.

17  ## IV. DISCUSSION

18      Respondent claims that the Petition is untimely and barred from
19  federal review by ADEPA's one-year statute of limitation. (ECF No. 13).
20  Respondent asserts that the statute of limitation began to run on April 1,
21  2010, the day Petitioner was informed of the Director's Level Decision
22  and discovered the "predicate to his claims." (*Id.* at 4-5). From that
23  point, 103 days passed until July 14, 2010, the day Petitioner filed his
24  habeas petition in Imperial County Superior Court. (*Id.*). Respondent
25  does not dispute that the limitation period was tolled while Petitioner's
26  state habeas petitions remained pending. Respondent asserts that the
27  statute of limitation began to run again on August 10, 2011, the day the
28  California Supreme Court denied the petition. (*Id.*). From that point,

337 days passed until July 12, 2012, the day Petitioner signed the First Amended Petition. (*Id*.). Accordingly, Respondent contends that a total of 440 days lapsed before the Petition was filed and the Petition is time barred. (*Id*.).

Petitioner does not dispute that the statute of limitation began to run on April 1, 2010, the day of the final Director's Level Decision. (ECF No. 27). Rather, Petitioner argues that statutory tolling and/or equitable tolling renders the Petition timely. (*Id*.).

A. Statutory Tolling

AEDPA's statutory tolling provision provides the principles governing when the one-year statute of limitation begins to run and when it is tolled. *See* 28 U.S.C. § 2244.

Here, the one-year statute of limitation began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). On April 1, 2010, the final Director's Level Decision was issued, Petitioner learned the factual predicate of his claim, and the statute of limitation began to run. *See Id*; (ECF No. 1).

The time during which a properly filed application for state review is pending does not count towards AEDPA's one-year limitation. 28 U.S.C. § 2244(d)(2). On July 14, 2010, Petitioner filed his petition in Imperial County Superior Court and the statute of limitation stopped running. *Id*. Thus, 103 untolled days count against ADEPA's one-year limitation.[2]

---

[2] The general rule for time computation in federal court, Fed. R. Civ. Pro. 6, governs the calculation of the AEDPA's one-year period. *Patterson v. Stewart*, 251 F.3d 1243, 1244 (9th Cir. 2001). Under Fed. R. Civ. Pro. 6(a)(1)(A), the day of the event that triggers the period is excluded. Under Fed. R. Civ. Pro. 6(a)(1)(C), the last day of the period is included.

1    With the state review process concluded on August 10, 2011, the
2 statute of limitation again began to run.  Thus, whether the instant
3 petition is timely depends on what day constitutes the filing date of the
4 subsequent federal habeas petition.
5    Petitioner asserts that the correct filing date for purposes of the
6 statute of limitation is March 12, 2012, the date he originally filed the
7 Petition rather than the date he filed the First Amended Petition.  (ECF
8 No. 27).  Petitioner contends that the First Amended Petition relates
9 back to the original Petition within the meaning of Federal Rule of Civil
10 Procedure15(c)(2).  If correct, the day the original Petition was filed is the
11 proper date to determine the Petition's timeliness.  Using this date, the
12 Petition would be timely.
13    By statute, Congress provided that a habeas petition "may be
14 amended . . . as provided in the rules of procedure applicable to civil
15 actions."  28 U.S.C. § 2242.  Similarly, Rule 11 of the Rules Governing
16 Section 2254 Cases in the United States District Courts states that "[t]he
17 Federal Rules of Civil Procedure, to the extent that they are not
18 inconsistent with these rules, may be applied, when appropriate, to the
19 petitions filed under these rules."  There is "no inconsistency between
20 AEDPA's statute of limitation and Rule 15(c)'s amendment regime where
21 . . . the state is on notice of the claims to be raised" in the amended
22 petition.  *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000).
23    Under Rule 15, amendments made after the statute of limitation
24 has run relate back to the date of the original pleading when "the
25 claim . . . asserted in the amended pleading arose out of the conduct,
26 transaction, or occurrence set forth or attempted to be set forth in the
27 original pleading."  Fed. R. Civ. Pro. 15(c)(2).  "So long as the original and
28 amended petitions state claims that are tied to a common core of

operative facts, relation back will be in order." *Mayle v. Felix,* 545 U.S. 644, 664. However, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading." *Id*. at 645.

In his original Petition, Petitioner claimed there was insufficient evidence to support a finding he was guilty of a rule violation. (ECF No. 1). Petitioner argued that this finding violated his due process rights. (*Id*.). Petitioner presents an almost identical claim in his First Amended Petition. (ECF No. 10). Petitioner contends that CDCR's rule violation procedures denied him the "minimum procedures appropriate under the circumstances and required by the due process clause." (*Id*.). There are no "new claims" that differ in time or type from those contained in the original complaint. Both petitions challenge decisions arising out of a common core of operative facts, that is, the charges and circumstances of Petitioner's rule violation. (ECF Nos. 1, 10).

Consistent with the policy behind Rule 15(c), the state had sufficient notice of the facts and claims giving rise to the proposed amendments. *See Anthony*, 236 F.3d at 576. The Court finds that the First Amended Petition relates back to the original Petition for statute of limitation purposes. AEDPA's one-year limitation began to run on August 11, 2011, and ran for 214 days until Petitioner filed the original federal Petition on March 12, 2012.

Accordingly, the untolled periods are as follows: 103 days between the final Director's Level Decision and the day Petitioner filed in Imperial County Superior Court; and 214 days between the California Supreme Court's denial and the day Petitioner originally filed his federal habeas petition. Accordingly, 317 days expired before Petitioner filed in

federal court. This is less than 365 days and within AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(1). Thus, Respondent's Motion to Dismiss the Petition as untimely should be **DENIED.**

B. Equitable Tolling

Petitioner also contends he is entitled to equitable tolling of any untolled period prior to the federal filing. (ECF No. 27). Petitioner claims he was in solitary and/or segregated confinement when both the Director's Level Decision and the California Supreme Court's denial were issued. (*Id*.). Specifically, Petitioner claims he was without access to the legal materials and personal property necessary to file meaningful petitions, and that this deprivation of legal materials justifies equitable tolling. (*Id*.). Because the Court finds the petition is timely based on statutory tolling grounds, it need not address Petitioner's argument regarding equitable tolling.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order **DENYING** Respondent's Motion to Dismiss Petitioner's Petition for writ of habeas corpus.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than July 10, 2013. The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//
//

1     **IT IS FURTHER ORDERED** that any reply to the objection shall
2 be filed with the Court and served on all parties no later than July 17,
3 2013. The parties are advised that the failure to file objections within
4 the specified time may waive the right to raise those objections on appeal
5 of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.
6 1998).

7     **IT IS SO ORDERED.**

9 **DATED: June 26, 2013**

**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**