1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                                   SOUTHERN DISTRICT OF CALIFORNIA

9

JAVIER RAYGOSA,                               )        Case No. 12cv0626 AJB (MDD)
                                              )
10                                            )
                              Petitioner,     )        ORDER:
                                              )
11  v.                                        )
                                              )        (1) ADOPTING IN PART AND
12  JEFFREY BEARD, Secretary,                 )        DECLINING TO ADOPT IN PART
                                              )        THE MAGISTRATE JUDGE'S
13                            Respondent.     )        REPORT AND RECOMMENDATION,
                                              )        (Doc. No. 31):
14                                            )
                                              )        (2) OVERRULING IN PART AND
15                                            )        SUSTAINING IN PART
                                              )        RESPONDENT'S OBJECTIONS, (Doc.
16                                            )        No. 32);
                                              )
17                                            )        (3) DENYING RESPONDENT'S
                                              )        MOTION TO DISMISS THE
18                                            )        PETITION FOR WRIT OF HABEAS
                                              )        CORPUS (Doc. No. 13); and
19                                            )
                                              )        (4) DIRECTING RESPONDENT TO
20                                            )        FILE AN ANSWER NO LATER
                                              )        THAN 30 DAYS FROM THE DATE
21  _____          )        OF THIS ORDER.

22

23          Petitioner Javier Raygosa, a state prisoner proceeding pro se, filed a petition for writ

24  of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1)  Petitioner does not challenge

25  his underlying conviction.   Instead, Petitioner challenges the California Department of

26  Corrections and Rehabilitation ("CDCR") finding that he is guilty of a rule violation. (Doc.

27  No. 10).   Respondent moved to dismiss, arguing the petition was time-barred pursuant to

28  28 U.S.C. § 2244(d). On June 26, 2013, Magistrate Judge Mitchell Dembin filed a Report

and Recommendation ("R&R"), recommending this Court deny Respondent's motion to dismiss. (Doc. No. 31.)  On July 10, 2013, Respondent filed an Objection to the R&R. (Doc. No. 32.)  The Objection to the R&R advanced a new theory for finding the habeas petition untimely, which this Court considered after allowing Petitioner an opportunity to respond.  The issue of the Petition's untimeliness and any applicable equitable tolling has now been fully briefed by the Parties, and after due consideration, the Court hereby DENIES Respondent's motion to dismiss for the following reasons.

## I.  BACKGROUND

Petitioner is currently serving an indeterminate sentence of seventeen to life for second-degree murder with a firearm enhancement.  On July 19, 2009, Anabelina Bermudez-Carillo visited Petitioner at Calpatria State Prison. (Doc. No. 10 at 50.)  During the visit, Ms. Carillo kissed Petitioner on the mouth.  (*Id*.)  It appeared to a guard that Ms. Carillo passed an unknown object into Petitioner's mouth during the kiss.  A guard searched Petitioner and claimed to find a leafy green material in his mouth.  (*Id*. at 51.)  After consenting to a search, Ms. Carillo admitted to having multiple "bindles" of marijuana "secreted" in her vagina.  (*Id*. at 50.)  Petitioner was charged with "distribution of a controlled substance/introduction of a C/S" and was found guilty of the rules violation.  (*Id*. at 49.)  Petitioner disputes this finding.

On November 11, 2009, Petitioner filed an inmate appeal which was denied.  (Doc. No. 10 at 35.)  On December 15, 2009, Petitioner's second level appeal was denied.  (*Id*. at 38-39.)  On April 1, 2010, Petitioner's Director's Level Appeal was denied.  (Doc. No. 1 at 9.)

After exhausting his administrative remedies, Petitioner filed a petition for writ of habeas corpus in Imperial County Superior Court on July 14, 2010.  (Doc. No. 10, Ex. I.)  On August 19, 2010, the petition was denied as the Superior Court found the decision of the hearing officer to be supported by "some evidence."  (*Id*.) (citing *In re Zepeda*, 141 Cal. App. 4th 1493, 1500 (Cal. Ct. App. 2006)).  On October 1, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on November

24, 2010.  (*See* Doc. No. 13.)  On February 17, 2011, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on August 10, 2011. (*Id.*; Doc. No. 10, Ex. I.)

On March 12, 2012, Petitioner filed the original federal petition.  (Doc. No. 1.)  On March 15, 2012, the Court dismissed the Petition without prejudice for failure to name a proper respondent.  (Doc. No. 2.)  On July 23, 2012, Petitioner filed the First Amended Petition ("FAP").  (Doc. No. 10.)  Petitioner contends that his due process rights were violated because there was insufficient evidence to support the CDCR rule violation finding. (*Id.*)  On October 5, 2012, Respondent moved to dismiss the Petition as untimely.  (Doc. No. 13.)  This matter was referred to Magistrate Judge Dembin, who issued a R&R on June 26, 2013.  The R&R recommended this Court deny Respondent's Motion to Dismiss as Judge Dembin found the petition timely based solely on the availability of statutory tolling.[1]  (Doc. No. 31 at 9).

Respondent objects to Magistrate Judge Dembin's finding that the FAP relates back to the original Petition for statute of limitation purposes. Moreover, Respondent presented a new argument supporting the contention that the habeas petition was untimely.  In the interest of judicial economy, the Court exercised its discretion to consider the new argument and granted Petitioner the opportunity to file supplemental briefing addressing the new claim. (Doc. No. 37.)  After granting Petitioner's request for an extension of time, Petitioner timely filed his supplemental briefing on December 4, 2013. (Doc. No. 42.)  As the Court's decision to entertain Respondent's new argument necessarily affects the entirety of Judge Dembin's analysis and conclusion, the Court will independently address Petitioner's arguments, contained in his opposition to dismiss, that he is entitled to statutory and equitable tolling. (Doc. No. 27 at 4.)

## II.   LEGAL STANDARD

---

[1] Judge Dembin declined to address Petitioner's contention that he is entitled to equitable tolling for the period between (1) the denial of his Director's Level Appeal and filing his habeas petition in superior court; and (2) the denial of his California Supreme Court petition and the filing of his first federal habeas petition.

**A.     Review of the Report and Recommendation**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) provide a district judge's duties regarding a magistrate judge's report and recommendation. The district judge should "make a *de novo* determination of those portions of the report to which the objection is made," and "may accept, reject, or modify in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objections, the Court need only find there is no clear error on the face of the record in order to accept the report and recommendation. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.     Statute of Limitations**

Habeas petitions filed by state prisoners in federal court are governed by a one-year limitations period. 28 U.S.C. § 2244(d)(1). Section (d)(1) states that the limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year limitations period applies to all habeas petitions filed by state prisoners, including petitions challenging administrative decisions. *Shelby v. Barnett*, 391 F.3d 1061, 1064-65 (9th Cir. 2004). However, the statute of limitations is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).

**III.     DISCUSSION**

Respondent argues that the FAP is time-barred because it does not relate back to

1    Petitioner's original Petition. (Doc. No. 32 at 1.)  Additionally, Respondent presents an

2    alternative theory, arguing that the period of time between Petitioner's Fourth District Court

3    of Appeal petition and his California Supreme Court petition was unreasonable, and

4    therefore that period should not be tolled.  (*Id.* at 4.)  Although Respondent did not raise this

5    argument in the motion to dismiss, and the Court is not required to consider evidence

6    presented for the first time in a party's opposition to a Magistrate Judge's R&R, it will

7    exercise its discretion to consider Respondent's second argument here.[2]  *See United States*

8    *v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  The Court finds this will best serve the

9    interest of judicial economy as Respondent will likely raise this argument in future court

10   filings.  Moreover, the Court did not want to remand the issue back to Magistrate Judge

11   Dembin for his consideration, thereby causing unnecessary delay.  As stated above, this

12   decision will affect the analysis and conclusion of the R&R, thus in fairness to Petitioner,

13   this Court will independently assess whether he is entitled to equitable tolling for any period

14   of time, an analysis Magistrate Judge Dembin did not need to conduct to reach a decision

15   favorable to Petitioner.

16   **A.    Petitioner's FAP Relates Back to the Original Petition**

17        The R&R correctly concluded that the statute of limitations for this Petition began to

18   run on the date Petitioner was informed of the final Director's Level Decision, April 1,

19   2010.  (Doc. No. 31 at 6.)  Petitioner waited 103 days before challenging this decision by

20   filing his state petition in superior court on July 14, 2010.  (*Id.*)  Assuming that the statute

21   of limitations period was tolled during Petitioner's state court appeals process, it did not

22   begin to run again until August 10, 2011, the day that the California Supreme Court denied

23   his petition.  (*Id.*)  Petitioner filed his original federal habeas petition with this Court 214

24   days later, on March 12, 2012.  (*Id.* at 8.)  The Court dismissed the original petition for

25   failure to name the proper respondent.  (Doc. No. 2.)  Petitioner then filed the FAP on July

---

27   [2]  Petitioner failed to respond to this new argument in his reply to Respondent's
28   objection.  Because the Court's decision to consider this argument is discretionary, in the
     interest of fairness, it gave Petitioner the opportunity to provide supplemental briefing on
     the issue.  (Doc. No. 37.)

12, 2012, 337 days after the California Supreme Court's denial his state petition. (Doc. No. 31 at 6.)

Respondent argued that the statutory period continued until Petitioner filed the FAP, and thus the petition should be dismissed as time-barred because a total of 440 untolled days had passed. (Doc. No. 31 at 6.)  The R&R concluded that the FAP relates back to the original petition for statute of limitations purposes, and therefore recommended that the petition should not be dismissed because only 317 untolled days passed from the final Director's Level Decision until the original federal petition was filed. (*Id*.)  Respondent objects to this recommendation, arguing the FAP does not relate back because Petitioner named the incorrect respondent in the original petition, and there is no showing that Respondent should have been aware of the action brought against him at that time. (Doc. No. 32 at 5.)

A habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Pursuant to Rule 15, amendments made after the statute of limitations has run relate back to the date of the original pleading when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. Pro. 15(c)(2). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664.  However, if an amended habeas petition "asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading," then it does not relate back. *Id*. at 645.  Further, there is "no inconsistency between AEDPA's statute of limitation and Rule 15(c)'s amendment regime where . . . the state is on notice of the claims to be raised" in the amended petition. *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000).

Here, Petitioner asserted almost identical claims in the original petition and the FAP. In the original petition, he argues that his due process rights were violated when he was found guilty of a rule violation without sufficient evidence. (Doc. No. 1.)  In the FAP,

Petitioner argues that the CDCR's rule violation procedures denied him the "minimum procedures appropriate under the circumstances and required by the due process clause." (Doc. No. 10.)  Petitioner does not present a new claim that differs in time or type from the claim set forth in the original petition.  *See Mayle*, 545 U.S. at 645.  Both petitions are "tied to a common core of operative facts"—the procedure surrounding Petitioner's alleged rule violation.  *See id.* at 664.  The Court agrees with Magistrate Judge Debin's finding that the state had sufficient notice of the facts and claims giving rise to the proposed amendments. (Doc. No. 31 at 8.)  Thus, the FAP relates back to the original petition for statute of limitation purposes.   The Court then OVERRULES Respondent's objection to the Magistrate Judge's finding and ADOPTS the R&R's conclusion  on this point.

Judge Dembin's analysis ended here as he was able to reach a favorable decision for the Petitioner without considering his claim to equitable tolling.   However, with Respondent's new theory for untimeliness, the R&R is rendered incomplete.  Thus, the Court now considers whether any equitable tolling is applicable and whether the 85 day period between the California Court of Appeal denial and the filing of the California Supreme Court petition should be tolled.

**B.    Tolling**

Petitioner's opposition to the motion to dismiss contends that he is entitled to equitable tolling for the period between (1) the denial of his Director's Level Appeal and the filing of his habeas petition in superior court; and (2) the denial of his California Supreme Court petition and the filing of his first federal habeas petition.  In the Objection to the R&R, Respondent argued that the 85 day period between the denial of Petitioner's state Court of Appeal petition on November 24, 2010, and the filing of Petitioner's California Supreme Court petition on February 17, 2011, was "unexplained and unjustified." (Doc. No. 32 at 4.)  Thus, Respondent contends this 85 day period was unreasonable. Petitioner responds that during this period of time, he was subjected to administrative segregation and had limited access to the law library and legal materials. (Doc. No. 42.) Judge Dembin did not have the opportunity to review this claim, thus this Court makes an

1   independent assessment. Moreover, as Judge Dembin reached his conclusion based only on

2   statutory tolling, this Court will review Petitioner's claim that he is entitled to equitable

3   tolling for any of the 103 days before Petitioner filed with the superior court or the 214 days

4   before he filed his original federal petition.

5          1. Petitioner is Not Entitled to Statutory Tolling for the 85 Day Delay

6          The AEDPA's one-year limitations period may be tolled for "the time during which

7   a properly filed application for State post-conviction or other collateral review with respect

8   to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).  However, a state

9   petition is only "pending" if filed within a "reasonable time."

10          "Under California's indeterminate timeliness rule, as long as the prisoner filed a

11   petition for appellate review within a reasonable time, he can count as pending (and add to

12   the 1-year time limit) the days between (1) the time the lower court reached an adverse

13   decision, and (2) the day he filed a petition in the higher state court." *Chaffer v. Prosper*,

14   592 F.3d 1046, 1048 (9th Cir. 2010) (citations and internal quotation marks omitted).  The

15   Ninth Circuit directs district courts, until the California Supreme Court declares otherwise,

16   to "operate on the assumption that California law . . . does not differ significantly from the

17   laws of other States, i.e., that California's reasonable time standard does not lead to filing

18   delays substantially longer than those in States with determinate timeliness rules." *Id.*

19   (citations and internal quotation marks omitted).  Furthermore, statutory tolling based on

20   loss of access to legal materials is justified only if a petitioner suffered from a due process

21   violation. *See Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002); *see also Espinoza-*

22   *Matthews v. California*, 432 F.3d 1021, 1021 (9th Cir. 2006) ("[S]tatutory tolling would

23   necessarily rest on a constitutional ground . . . ").

24          Accordingly, Petitioner's delay of 85 days is unreasonable.  This delay is greater than

25   the 30 to 60 provided by most States for filing an appeal. *See Evans*, 546 U.S. at 192.

26   Petitioner explains he was confined to administrative segregation during this time, with

27   restricted access to the law library, thus preventing him from preparing a "meaningful

28   petition with the California Supreme Court."  While the Court is mindful of Petitioner's

intention to adequately prepare, Petitioner's explanation is unpersuasive.  According to the record, Petitioner already filed petitions with the two lower state courts based on the same transaction and claims for relief. (*See* Doc. No. 10, Ex. I.)  Under these facts, it would be inappropriate to allow Petitioner to invoke statutory tolling.  Petitioner's 85 day delay is greater than the 30 to 60 day norms of other states and his grounds for relief and arguments were already substantially developed when preparing his lower court petitions.

Finally, Petitioner does not present grounds to find a due process violation that would warrant statutory tolling, and the Court cannot construe of one.  A prison has a legitimate interest in restricting inmates to administrative segregation when they violate prison rules.  Moreover, prisons have a legitimate interest in structuring reasonable limitations on a segregated inmate's access to the library, given the constraints on prison resources. Prison officials may regulate the time, place, and manner in which library facilities are used so that all inmates can use those resources in a secure and orderly fashion. *Lindquist v. Id. State Bd. of Corrs.*, 776 F.2d 851, 858 (9th Cir. 1985).  The Court finds statutory tolling inapplicable for this 85 day period as Petitioner unreasonably delayed the filing of his California Supreme Court petition.  The Court thus SUSTAINS Respondent's objections on this point.

**B.    Equitable Tolling**

1.    Petitioner is Not Entitled to Equitable Tolling for the 85 Day Delay

For many of the same reasons, Petitioner is not entitled to equitable tolling. Petitioner argues the delay should be equitably tolled as he was subjected to solitary and/or segregated confinement with limited access to the law library, legal forms, and research materials. (Doc. No. 42 at 1.)  Petitioner explains that law library access was restricted to one and a half hours each time and a prisoner would only be allowed access every 17 to 21 days. (*Id.* at 2.) Moreover, Petitioner states that he did not receive the Fourth District Court of Appeal's denial of his petition for approximately 10 to 17 days until after the issuance date of November 24, 2010.  (*Id.*)

As stated above, a petitioner can only invoke equitable tolling under "extraordinary circumstances" beyond the prisoner's control that made it impossible to file a petition on

time. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).   The threshold necessary to trigger equitable tolling under AEDPA is very high, "lest the exception swallow the rule." *Miranda,* 282 F.3d at 1066 (citation and internal quotation marks omitted).   The period in which Petitioner was awaiting the receipt of the court of appeal's denial should be equitably tolled.   Petitioner should not be charged with knowledge of that decision until he actually received notice of such.   The Court can conceive of the situation in which court documents do not timely make their way to prisoners, such is just the reality of our prison system.   Thus, giving the benefit of the doubt to Petitioner, the Court finds equitable tolling of 17 days to be appropriate.   However, Petitioner's timeliness contention ultimately fails.

The Ninth Circuit has rejected the argument that lack of access to library materials automatically qualifies as grounds for equitable tolling, and has emphasized the need for a more fact-specific inquiry. *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)).   After careful consideration of Petitioner's explanation, the Court cannot justifiably conclude he is entitled to equitable tolling.   The Court takes as true, Petitioner's contention he remained in administrative segregation with "rare access" to the law library during this period; however, this is not the type "extraordinary" circumstances that would warrant equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("We have little difficulty determining that [Petitioner] is not entitled to equitable tolling ... simply because he remained in administrative segregation and had limited access to 'the law library [and] copy machine.'").   Allowing Petitioner's argument to support equitable tolling would permit the "exception to swallow the rule" given the common day-to-day security restrictions in prison.   This Court cannot do so.

The Court once again notes that Petitioner had twice filed petitions with the State's lower courts.   These two petitions were based on the same factual transaction, challenged the same CDCR rules violation finding, and argued the same grounds for relief.   Moreover, the instant federal habeas petition is substantially similar to those state petitions, and according to Petitioner, he raised the same grounds for relief with the California Supreme Court. (Doc. No. 10 at 2-7.)   It was not as if Petitioner prepared his California Supreme

Court petition from scratch.   The factual allegations and basis for relief was already substantially developed in his lower state court petitions.  As such, the Court finds equitable tolling inappropriate for the 68 day period between the Court of Appeal denial and the California Supreme Court filing.

   2.   Petitioner is Not Entitled to Equitable Tolling for the 103 Day Delay

   In his opposition to the motion to dismiss, Petitioner makes the same arguments for equitable tolling for the period between the Director's Level denial of his appeal and the filing of his habeas petition in superior court.   Namely, he was held in administrative segregation, with no access to the "law library, legal forms, and research materials" thus constituting a "deprivation of legal materials needed" in order to properly file a petition. (Doc. No. 27 at 4.)  Much of the Court's prior analysis is applicable here.  Without detailing exactly what legal documents were "deprived" of and exactly why Petitioner needed them to prepare his habeas petition for the superior court, this Court cannot justifiably allow the exception to swallow the rule.

   3.   Petitioner is Entitled to Equitable Tolling for Certain Dates Before the Filing of his Federal Habeas Petition

   Petitioner's argument for equitable tolling for the period between the denial of his California Supreme Court petition and the filing of his first federal petition is more persuasive.   During this period of time, Petitioner was transferred from Calipatria State Prison, on July 23, 2011, to Chino State Prison where he stayed for two weeks.  (Doc. No. 27 at 5.)  He was again transferred to Corcoran State Prison on August 8, 2011.  During this time he did not have access to any of his legal paperwork or property.  Petitioner states that it was not until "the middle of January 2012 before he was able to get his legal work, copies, exhibits, etc. in order [to] file his writ of habeas corpus." (*Id.*)

   After an examination of the factual circumstances in the instant case, the Court finds equitable tolling appropriate for certain dates in which Petitioner was deprived of access to legal materials related to his habeas petition. *See Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (noting whether a petitioner is entitled to equitable tolling turns on an examination of detailed facts).  In *Lott v. Mueller*, the Ninth Circuit found that a habeas petitioner's

deprivation of his legal materials for 82 days may constitute as an "extraordinary circumstance" sufficient to warrant equitable tolling. *Id.* at 924.  Much like the petitioner in *Lott*, Petitioner here was denied access to his work product and legal files during two temporary transfers and was returned the entirety of those materials more than five months later.  The Court finds the complete denial of Petitioner's legal material to amount to an extraordinary circumstance beyond Petitioner's control that entitles him to equitable tolling. *See id.* ("[W]e can certainly hypothesize cases in which a pro se prisoner litigant had access to his legal files on the days before his AEDPA limitation period expired, but earlier events had so disabled him as to make timely filing impossible (e.g., a temporary transfer, such as Lott's which lasted 360 days).").  The Court also notes that without any equitable tolling, Petitioner would have only been twenty days late in filing his federal petition. *See id.* ("Considering the fact that, without equitable tolling, Lott filed his petition only 7 or even 20 days late . . . the denial of his legal files for eighty-two days appear to satisfy the impossibility requirement as well.").  Respondent was granted leave to file supporting documents contesting Petitioner's account of his transfer activity. (Doc. No. 43.)  However, Respondent has not provided any evidence to contradict Petitioner's account. (*See* Doc. No. 44.)

Petitioner  provided a property transfer form showing that he received "some legal materials" from "CAL" on October 30, 2011. (Doc. No. 27, Ex. A-3.)  In the instant case, it was an external force, rather than Petitioner's lack of diligence that prevented him from preparing and completing a federal petition.  Petitioner would have been hard-pressed to prepare a proper federal petition when he did not have access to any prior documents from his underlying violation, administrative appeals, and state appeals.  While the lack of access to any prior legal is certainly a difficulty that affected Petitioner, it did not render it impossible for Petitioner to file before March 12, 2012.  The Court does not find it appropriate to toll the entirety of the 214 between the California Supreme Court denial and the filing of Petitioner's federal petition.  Accordingly, the Court finds equitable tolling appropriate only from August 10, 2011 to October 30, 2011, a period of time in which

Petitioner was denied complete access to his legal materials and files after the California Supreme Court rendered its decision, a period of 80 days. The 134 day period prior to the filing of his original federal petition will not be tolled.

Accordingly, Petitioner is not entitled to any tolling for the: (1) 103 day period between the denial of his Directors Level Appeal and the filing of the superior court petition; (2) 68 day period between his receipt of the California Court of Appeal denial of his petition and the filing of his California Supreme Court petition; and (3) 134 day period prior to the filing of his original federal petition in which he had access to some legal materials and files. The total untolled period is 305 days, thereby making the filing of his original federal petition timely under the AEDPA's one-year statute of limitation.

Thus, the Court concurs with the conclusion of Magistrate Judge Dembin's R&R, despite an alternative rationale for finding the petition timely.

**IV.    CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition based on untimeliness grounds is DENIED. Respondent shall file an answer addressing the merits of the habeas petition no later than thirty (30) days from the date this Order. Petitioner may file his reply, no later than sixty (60) days after receipt of Respondent's answer.

IT IS SO ORDERED.


DATED: January 21, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge