1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20

JAVIER RAYGOSA,

      Petitioner,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

Case No. 12-cv-626 BAS (MDD)

**ORDER:**
   **(1) ADOPTING REPORT AND RECOMMENDATION; AND**
   **(2) GRANTING PETITIONER'S HABEAS RELIEF**

**[ECF 10]**

21
22
23
24
25
26
27
28

      On November 11, 2009, Petitioner Javier Raygosa appealed his rule violation, which was denied. ECF 10, 35–37. After exhausting his administrative remedies, he filed a Petition for Writ of *Habeas Corpus* in the California Superior Court, Imperial County on July 14, 2010. *See* Lodg. 6. The state court held that his rule violation was supported by "some evidence," and therefore he was granted constitutional due process. ECF 10, 17. He filed a second *habeas* petition, this time in the California Court of Appeal, on October 1, 2010. Lodg. 8, 4–12. The appellate court found that there was some evidence that he solicited or conspired to

introduce a controlled substance into the prison. ECF 10, 19. On February 17, 2011, Petitioner filed a *habeas* petition with the California Supreme Court, which was denied without comment. *Id.* at 20.

On March 12, 2012, Petitioner filed a petition for *habeas* relief with this Court, pursuant to 28 U.S.C. § 2254. ECF 1. This petition was defective, and therefore the Court dismissed it without prejudice. ECF 2. On July 23, 2012, Petitioner filed his First Amended Petition ("Petition"). ECF 10.

In his Petition, Petitioner contends that his rules violation finding was arbitrary and capricious, in violation of his due process rights. ECF 10. He claims his offense was wrongly termed as distribution instead of possession. *Id.*

On September 23, 2014, Magistrate Judge Mitchell Dembin reviewed his Petition and recommended that this Court grant it. ECF 55. Respondent California Department of Corrections opposed the recommendation. ECF 56. For the following reasons, the Court **ADOPTS** the recommendation in its entirety (ECF 55), **OVERRULES** Respondent's objections (ECF 56), and **GRANTS** the Petition (ECF 10).

## I.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

The U.S. Supreme Court, in *Superindendent v. Hill*, 472 U.S. 445, (1985), requires petitioners to "demonstrate that the decision reached was arbitrary and not supported by 'some evidence.'" This standard is met if "there was some evidence

1  from which the conclusion of the administrative tribunal could be deduced....”
2  *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106
3  (1927). This is separate from the constitutional due process requirement that each
4  material element reach the requisite evidentiary burden.

5  **II.   ANALYSIS**

6      Petitioner was found to have violated California Code of Regulation Title 15
7  § 3000, distribution of a controlled substance. “Distribution” includes “the sale or
8  unlawful dispersing, by an inmate . . . of any controlled substance; or the
9  solicitation of or conspiring with others in arranging for, the introduction of
10  controlled substances into any institution . . . for the purposes of sales or
11  distribution.” *Id.* Respondent summarizes the facts supporting the finding,
12  “Raygosa’s approved visitor (Ms. Bermudez) had seven bindles of marijuana
13  weighing a total of 12 grams secreted in her vagina, correctional officers observed
14  her passing something to Raygosa’s mouth via a kiss, [and] Raygosa was found to
15  have a pungent odor coming from his mouth and green leafy particles on his
16  tongue[.]” Obj. to R&R, 2:6–9, ECF 56. The California Court of Appeal adopted
17  the same facts. *See id.* at 5:11–16. Based on these facts, Respondent argues the
18  evidence sufficiently shows Petitioner distributed a controlled substance to find a
19  rule violation.

20      The evidence taken in the light most favorable to Respondent supports a
21  possession of a controlled substance violation, California Code of Regulations §
22  3016(a). However, these facts provide no evidence to support Petitioner’s intent to
23  distribute. Crucially, there is no evidence that Ms. Bermudez would have had any
24  opportunity to remove the securely stowed bindles such that she could transfer
25  them to Petitioner. Without this or similar evidence, it cannot be deduced that the
26  marijuana passed to Petitioner was more than for personal use. Because there is *no*
27  evidence of distribution, and *Hill* requires “some evidence,” the decision violated
28  the U.S. Constitution. Accordingly, the Court agrees with the Judge Dembin’s

1  recommendation.

2  **III.     CONCLUSION & ORDER**

3          After considering Petitioner's objections and conducting a *de novo* review,

4  the Court concludes that Judge Dembin's reasoning in the recommendation is

5  sound.  In light of the foregoing, the Court **ADOPTS** the Report in its entirety

6  (ECF 56), **OVERRULES** Respondent's objections, **GRANTS** Petitioner's First

7  Amended Petition (ECF 10) for a writ of *habeas corpus*, and **ORDERS**

8  Respondent take appropriate administrative action consistent with this ruling.

9          **IT IS SO ORDERED.**

10  Dated:  December 12, 2014

11                                                    Hon. Cynthia Bashant
12                                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28